Jim **BLAIR,** Plaintiff,

and

**Paul Crim; James T. Harris; Kenneth M. Scrogan, Plaintiffs–Appellants,**

v.

**Christopher S. HUESTON; United States of America, Defendants–Appellees.**

**Jim Blair, Plaintiff–Appellant,**

and

**Paul Crim; James T. Harris; Kenneth M. Scrogan, Plaintiffs,**

v.

**Christopher S. Hueston; United States of America, Defendants–Appellees.**

Nos. 05–15936, 05–15952.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2007.

Filed May 31, 2007.

---

162

Paul Crim, Conroe, TX, pro se.

Kenneth M. Scrogan, Snellville, GA, pro se.

Daniel B. Bogden, USLV—Office of the U.S. Attorney Lloyd George, Las Vegas, NV, for Defendants–Appellees.

Before: SCHROEDER, Chief Circuit Judge, TROTT and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Appellants challenge the validity and execution of a search warrant issued pursu-

* This disposition is not appropriate for publication and is not precedent except as provided

ant to an Internal Revenue Service ("IRS") investigation of the Commonwealth Trust Company ("CTC"). Appellants are associated with the CTC and were present at a CTC meeting when IRS agents executed the warrant. They seek damages against Special Agent Christopher Hueston and fifteen unnamed defendants for alleged violations of their constitutional rights under the First and Fourth Amendments, and for false imprisonment. They also seek injunctive relief against the IRS agents.

■ The IRS does not violate First Amendment rights in executing a search warrant during the course of an investigation unless the warrant is procured for an improper motive. *See Crawford–El v. Britton,* 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). Here, the district court correctly found that appellants had failed to carry their burden to allege "specific, nonconclusory" facts to establish improper motive. *Id.* at 598, 118 S.Ct. 1584 (quoting *Siegert v. Gilley,* 500 U.S. 226, 236, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) (Kennedy, J., concurring in judgment)). It also correctly found that the warrant was valid and supported by ample probable cause. *See United States v. Bridges,* 344 F.3d 1010 (9th Cir.2003); *United States v. Kow,* 58 F.3d 423 (9th Cir.1995). In addition, the agents' execution of the warrant comported with the law. Special Agent Hueston served the warrant on the person clearly in control of the meeting as soon as a security sweep of the room was completed. He was not required to serve the warrant on every person attending the meeting. *See* Fed.R.Crim.P. 41(f)(1)(C).

The district court also properly found, under *Saucier v. Katz,* that Hueston's actions did not violate appellants' constitutional rights. 533 U.S. 194, 121 S.Ct. 2151,

by 9th Cir. R. 36–3.

150 L.Ed.2d 272 (2001). It therefore was not required to analyze further whether Hueston reasonably could have believed that his conduct was lawful. *Id.* at 201, 121 S.Ct. 2151. Accordingly, discovery was not required. *See Butler v. San Diego Dist. Attorney's Office,* 370 F.3d 956, 963–64 (9th Cir.2004).

■ The district court properly substituted the United States for defendant Hueston on the state law false imprisonment claim. The Certification of Scope of Employment submitted by the United States Attorney is prima facie evidence that Hueston was acting in his official capacity. *See Billings v. United States,* 57 F.3d 797, 800 (9th Cir.1995). Appellants failed to carry their burden of disproving the certification. *Id.*

■ Finally, the district court correctly held that the Anti–Injunction Act, 26 U.S.C. § 7421(a), deprives it of jurisdiction to enjoin IRS agents from contacting appellants in the future. Because appellants failed properly to allege an improper motive in the First Amendment claim, the district court could not conclude that IRS agents' future attempts to contact appellants would relate to anything other than an assessment or collection of taxes owed. *Id.*

AFFIRMED.